IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| MURIEL COLLINS, | : | CIVIL ACTION |
| --- | --- | --- |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ALAN B. EPSTEIN, et al., | : | NO. 17-5098 |
| Defendants. | : | |

## MEMORANDUM

JONES, J.                                                                       JANUARY 17th, 2018

Muriel Collins brings this civil action against Alan B. Epstein, Jennifer Myers Chalal, Spector Gadon & Rosen PC, the Kimberly-Clark Corporation, and Kimberly-Clark Chester PA LLC. Ms. Collins raises various claims concerning legal malpractice and employment discrimination. For the reasons set forth below, the Court will dismiss Ms. Collins's Complaint.

### I.   FACTS AND PROCEDURAL HISTORY

In 2012, Ms. Collins filed a complaint in this Court against Kimberly-Clark. *Collins v. Kimberly-Clark Global Sales, LLC*, No. 12-2173 (E.D. Pa. filed Apr. 23, 2012). In her complaint, Ms. Collins alleged that Kimberly-Clark had violated Title VII of the Civil Rights Act of 1964 by subjecting her to race and sex discrimination. Alan B. Epstein and Jennifer Myers Chalal of Spector Gadon & Rosen PC ultimately appeared to represent Ms. Collins. By Memorandum and Order entered on March 28, 2017, the Court granted the motion for summary judgment filed by Kimberly-Clark. *Collins v. Kimberly-Clark Pa., LLC*, 247 F. Supp. 3d 571 (E.D. Pa. 2017). On September 14, 2017, the United States Court of Appeals for the Third Circuit affirmed this Court's judgment. *Collins v. Kimberly-Clark Pa., LLC*, --- F. App'x ----, 2017 WL 4074535 (3d Cir. Sept. 14, 2017).

1

Approximately two (2) months later, Ms. Collins filed the instant suit. To form her Complaint, Ms. Collins used a combination of this Court's form complaints for filing a general civil suit and an employment discrimination suit. In her Complaint, she alleges that Defendants Epstein, Chalal, and Spector Gadon & Rosen PC committed legal malpractice as well as violations of the Code of Professional Conduct. (Compl. at 4.) According to Ms. Collins, these defendants committed malpractice by failing to amend her complaint in Civil Action No. 12-2173 to include a claim against Kimberly-Clark's legal team pursuant to Pennsylvania's whistleblower law. (*Id.* at 5.) She also alleges that these defendants failed to submit certain evidence in her case. (*Id.*) Ms. Collins requests that this Court reopen Civil Action No. 12-2173 and reconsider its grant of summary judgment to Kimberly-Clark. (*Id.* at 6.) She also asks for all Defendants to be sanctioned for violating the Code of Professional Conduct. (*Id.*)

## II. STANDARD OF REVIEW

The Court will grant Ms. Collins leave to proceed *in forma pauperis* because it appears that she is not capable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies, which requires the Court to dismiss the complaint if it is frivolous, malicious, fails to state a claim, or seeks relief from an immune defendant. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). "A court that considers whether an action is malicious must, in accordance with the definition of the term 'malicious,' engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure or harass the defendant." *Id.* at 1086. In that regard, "a district court may dismiss a complaint as malicious if it is plainly abusive of the

judicial process or merely repeats pending or previously litigated claims." *Brodzki v. CBS Sports*, Civ. A. No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* The Court may also consider matters of public record. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). Additionally, the Court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See Ray v. Kertes*, 285 F.3d 287, 297 (3d Cir. 2002); *see also McPherson v. United States*, 392 F. App'x 938, 943 (3d Cir. 2010). Moreover, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). As Ms. Collins is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III. ANALYSIS

#### A. Employment Discrimination Claims

As noted above, Ms. Collins requests that the Court reopen Civil Action No. 12-2173 and reconsider its grant of summary judgment to Kimberly-Clark. To the extent Ms. Collins's instant Complaint reasserts her claims of employment discrimination, those claims are barred by the doctrine of *res judicata.*

The doctrine of *res judicata* bars claims that were brought or could have been brought in a previous action. *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008). Three elements are required for *res judicata* to apply: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Marmon Coal Co. v. Dir., Office Workers' Compensation Programs*, 726 F.3d 387, 394 (3d Cir. 2013) (internal quotation marks omitted). In Civil Action No. 12-2173, Ms. Collins asserts claims of race and sex discrimination and retaliation against Kimberly-Clark. This Court concluded that Ms. Collins had failed to establish *prima facie* cases of discrimination and retaliation. *See generally Collins*, 247 F. Supp. 3d 571. The Third Circuit affirmed. *See generally Collins*, --- F. App'x ----, 2017 WL 4074535. Thus, any reasserted claims of employment discrimination, or claims that could have been raised in Civil Action No. 12-2173, are barred by *res judicata*.

### B. Legal Malpractice Claims

Ms. Collins's instant Complaint primarily raises legal malpractice claims against Defendants Epstein, Chalal, and Spector Gadon & Rosen PC. Because the Court has dismissed Ms. Collins's federal claims, the Court will not exercise supplemental jurisdiction over Ms. Collins's legal malpractice claims. Moreover, there is no basis for the Court to exercise jurisdiction over these claims pursuant to 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." While Ms. Collins seeks $10 million from each Defendant and thus appears to satisfy the amount in controversy requirement, diversity jurisdiction requires "complete diversity," which in turn requires that "no plaintiff be a citizen of the same state as any defendant." *Zambelli Fireworks*

4

*Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). Here, Ms. Collins has provided Pennsylvania addresses for herself and for Defendants Epstein, Chalal, and Spector Gadon & Rosen PC. Thus, diversity jurisdiction does not exist, and Ms. Collins's legal malpractice claims will be dismissed without prejudice to her right to refile them in state court.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Ms. Collins's Complaint. To the extent Ms. Collins reasserts her claims of employment discrimination that were adjudicated in Civil Action No. 12-2173, those claims will be dismissed with prejudice as barred by *res judicata*. Ms. Collins's state law claims, including her claims of legal malpractice, will be dismissed without prejudice to her right to refile those claims in state court. Ms. Collins will not be given leave to amend because amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112-13 (3d Cir. 2002). Ms. Collins's request for the appointment of counsel will be denied as moot. An appropriate order follows, which shall be docketed separately.